# EXHIBIT 3



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the General Counsel
General Law Division
Claims Office
330 C Street, SW.
Switzer Building, Suite 2600
Washington, D.C. 20201
Ph: (202) 691-2395
daniel.mendoza@hhs.gov

September 18, 2018

Eileen E. Kroll, Esq.
Cochran, Kroll & Associates, P.C.
15510 Farmington Road
Livonia, Michigan 48154-2852

Re: **Administrative Tort Claim of Jessica Simmons, as Personal Representative of the Estate of C. Simmons, III, Deceased**, Claim No. 2018-0646

Dear Ms. Kroll:

This will acknowledge receipt of your client, Jessica Simmons' administrative tort claim, filed, as personal representative of the Estate of C. Simmons, III, deceased, which alleges that, from March 16, 2017 through September 23, 2017, Dr. Bruce Rochefort and Western Wayne Family Health Centers, located in Inkster, Michigan, failed to provide proper prenatal care to Ms. Simmons, resulting in the death of her baby on September 26, 2017. Your client's administrative tort claim was received in the Claims Office on September 5, 2018 for consideration and reply.

In order to evaluate your client's administrative tort claim, please forward the following substantiating evidence directly to this office within thirty (30) days of receipt of this letter:

1.) **ONE MORE CD** (can be on one thumb drive) of all pertinent medical records which relate to the allegations contained in the administrative tort claim;

2.) **THREE SEPARATE CDs** (can be on three separate thumb drives or three separate hard copies) of all pertinent, X-rays, ultrasonography, computed tomography ("CT"), electronic fetal heart monitoring strips ("EFHMS") and magnetic resonance imaging ("MRI");

3.) Itemized bills pertaining to all pertinent medical expenses incurred by reason of the alleged incident;

4.)    All Autopsy Reports, showing cause of death, including provisional and final;

5.)    Evidence of your authority to represent your client in this matter;

6.)    If a claim is made for lost wages, a signed statement from your client's former employer showing actual time and wages lost; and

7.)    Any other evidence or information which you believe has a bearing on the responsibility of the health center and its employees for the injuries and/or the damages claimed.

**AS ALL MAIL DELIVERED TO FEDERAL GOVERNMENT BUILDING IS X-RAYED/RADIATED, AND *MAY BE DAMAGED* DURING THE PROCESS, PLEASE FORWARD ALL EVIDENCE TO THIS OFFICE USING FEDEX, DHL OR UPS. PLEASE DO NOT FAX MEDICAL EVIDENCE OR SEND CDs or X-RAYS BY U.S. MAIL.**

Please be advised that all evidence must be furnished by the claimant within a reasonable period of time. By operation of 45 C.F.R. § 35.4(d), a claimant's failure to furnish evidence necessary to make a determination of his/her administrative tort claim within three months after a request for such evidence has been made, may be deemed an abandonment of the administrative tort claim. Further, a claimant's failure to provide requested evidence during the administrative tort claim process may result in a finding that his/her administrative remedies have not been exhausted, even if suit is filed more than six months after filing an administrative tort claim. See Swift v. United States, 614 F.2d 812 (1st Cir. 1980).

Yours truly,

Daniel F. Mendoza
Paralegal Specialist
Claims and Employment Law